IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. AND UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> ENVATO PTY LTD., <br><br> Defendant. | CIVIL ACTION NO. 6:13-cv-947-LED <br><br><br><br> JURY TRIAL DEMANDED |

## <u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Uniloc USA, Inc. and Uniloc Luxembourg S.A. (together "Uniloc" or "Plaintiffs") file this Amended Complaint against Envato PTY Ltd. ("Defendant"), demand a trial by jury and allege as follows:

### <u>PARTIES</u>

1.      Plaintiff Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its headquarters and principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.  Uniloc USA also maintains a place of business at 102 North College Avenue, Suite 806, Tyler, Texas 75702.

2.      Plaintiff Uniloc Luxembourg S.A. is a Luxembourg corporation having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540 Luxembourg.

3.      Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively "Uniloc") researches, develops, manufactures and licenses information security technology solutions, platforms and frameworks, including solutions for securing software applications and digital content.  Uniloc's patented technologies enable software and content publishers to securely distribute and sell their high-value technology assets with minimum burden to their legitimate end users.  Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

4.      United States Patent No. 7,099,849 ("the '849 Patent") entitled "INTEGRATED MEDIA MANAGEMENT AND RIGHTS DISTRIBUTION APPARATUS" is generally directed to an integrated rights management and licensing system for storing, researching, buying, and selling intellectual property rights.

5.      On information and belief, Defendant Envato PTY Ltd. is an Australian private company, with its principal place of business located at 121 King Street, Melbourne, Victoria, 3000, Australia.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this district under 28 U.S.C. §§ 1391 (b), 1391(c) and/or 1400(b).  Without limitation, on information and belief, Defendant is subject to personal jurisdiction in this district, have transacted business in this district, and have committed acts of patent infringement in this district, including via their websites.

8.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due to at least to their substantial business in this district, including related to the infringement alleged herein.  Further, on information and belief, Defendant has interactive websites comprising infringing methods, systems, and apparatuses which are at least used in and/or accessible in this district.  Further, on information and belief, Defendant is subject to this Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 7,099,849

9.    The '849 patent was duly and legally issued by the United States Patent and Trademark Office on August 29, 2006 after full and fair examination.

10.    Uniloc is the owner of all rights, title, and interest in and to the '849 patent and has standing to bring this lawsuit for infringement of the '849 patent.

11.    The claims of the '849 patent cover, inter alia, systems for managing intellectual property rights, such as systems including: modules to receive over a network information related to intellectual property rights for at least a first and second properties from at least a first and second intellectual property owner, a repository for storing the information related to the intellectual properties, and modules configured to: visually present to potential licensees license forms including terms defined by intellectual property rights licensors; receive data entered into the license forms, including  a request to license the intellectual property rights; determine if the rights are available; submit the license request for approval; and transmit the license approval to potential licensees.

12.    On information and belief, Envato PTY Ltd. owns and/or operates the websites found at www.themeforest.net, www.graphicriver.net, www.videohive.net, www.codecanyon.net, www.audiojungle.net, www.photodune.net and www.activeden.net.

13.    On information and belief, Defendant has been and is now infringing the '849 patent, literally or under the doctrine of equivalents, in violation of 35. U.S.C. § 271 in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising the making, using, selling and/or offering to sell methods, apparatuses and systems for licensing, storing, managing, researching, buying, and/or selling intellectual property rights, including inter alia, systems including: modules to receive over a network information related to intellectual property rights for at least a first and second properties from at least a first and second intellectual property owner, a repository for storing the information related to the intellectual properties, and modules configured to: visually present to potential licensees license forms including terms defined by intellectual property rights licensors; receive data entered into the license forms, including a request to license the intellectual property rights; determine if the rights are available; submit the license request for approval; and transmit the license approval to potential licensees.

14.    On information and belief, such apparatuses, methods, and systems comprise Defendant's websites for licensing intellectual property and media content, namely www.themeforest.net, www.graphicriver.net, www.videohive.net, www.codecanyon.net, www.audiojungle.net, www.photodune.net and

www.activeden.net. Defendant is thus liable for infringement of the '849 patent pursuant to 35 U.S.C. §271.

15. To the extent that facts learned during the pendency of this case show that Defendant's infringement of the '849 patent includes indirect infringement, Uniloc reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

16. To the extent that facts learned during the pendency of this case show that Defendant's infringement of the '849 patent includes contributory infringement, Uniloc reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

17. To the extent that facts learned during the pendency of this case show that this is an "exceptional case," Uniloc reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

18. To the extent that facts learned during the pendency of this case show that Defendant's infringement of the '849 patent is or has been willful, Uniloc reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

19. As a result of Defendant's infringing conduct, Defendant has damaged Uniloc. Defendant is liable to Uniloc in an amount that adequately compensates

Uniloc for their infringement, which, by law, can be no less than a reasonable royalty.

20.    Any allegation of infringement against any defendant herein  is not knowingly made on the basis of any product, software, system, method or service provided by Flexera Software LLC or any Flexera Predecessor ("Flexera Products").  For purposes of this action, a Flexera Predecessor is any predecessor business owned or controlled by Flexera, including, but not limited to, C-Dilla Limited, GLOBEtrotter Software, Inc., InstallShield Software Corporation, Flexera Holding LLC, Flexco Holding Company, Inc., Flexera Software Inc., Acresso Software Inc., Intraware, Inc., Managesoft Corporation, HONICO Software GmbH, LinkRight Software, L.L.C., and Logiknet, Inc. (d/b/a SCCM Expert) and only to the extent of, and limited to, the specific business, technologies and products acquired by Flexera from each of them, and  Macrovision Corporation (renamed Rovi Solutions Corporation in July 2009) only to the extent of, and limited to, the specific business, technologies and products acquired by Flexera Holdings Company, Inc. in April 2008 (renamed Acresso Software Inc.), which later changed its name in October 2009 to Flexera Software LLC.  For purposes of this action, Flexera Products do not include any third party products or services that provide activation, entitlement, licensing, usage monitoring and management, auditing, or registration functionality or third party products and services that are

activated, licensed or registered exclusively and independently of products, software, systems, methods or services provided by Flexera or Flexera Predecessors.   All allegations of infringement herein are made exclusively and independently of the authorized use of Flexera Products.

## PRAYER FOR RELIEF

WHEREFORE, Uniloc respectfully requests that this Court enter:

1.      A judgment in favor of Uniloc that Defendant has infringed the '849 patent;

2.      A permanent injunction enjoining Defendant, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '849 patent;

3.      A judgment and order requiring Defendant to pay Uniloc its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendant's infringement of the '849 patent as provided under 35 U.S.C. §§ 284 and/or 285; and

4.      Any and all other relief to which Uniloc may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Uniloc requests

a trial by jury of any issues so triable by right.


Dated:  March 14, 2014                    Respectfully submitted,


                                          */s/Joseph K. Liu by permission Wes Hill*
                                          Joseph K. Liu
                                          California State Bar No. 216227
                                          One LLP
                                          4000 MacArthur Blvd., Suite 500
                                          East Tower
                                          Newport Beach, CA. 92660
                                          Telephone: (949) 502-2875
                                          Facsimile: (949) 258-5081
                                          jliu@onellp.com

                                          James Etheridge
                                          Texas Bar No. 24059147
                                          ETHERIDGE LAW GROUP, PLLC
                                          2600 E. Southlake Blvd., Suite 120 / 324
                                          Southlake, TX 76092
                                          Telephone: (817) 470-7249
                                          Facsimile: (817) 887-5950
                                          Jim@EtheridgeLaw.com

                                          Wesley Hill
                                          Texas State Bar No. 24032294
                                          WARD & SMITH LAW FIRM
                                          1127 Judson Rd., Suite 220
                                          Longview, Texas 75601
                                          Telephone: (903) 757-6400
                                          Facsimile: (903) 757-2323
                                          wh@wsfirm.com

ATTORNEYS FOR PLAINTIFFS UNILOC
USA, INC. and UNILOC LUXEMBOURG
S.A.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 14th day of March, 2014.

/s/ Wesley Hill_____